UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JM-Nipponkoa Insurance Co., Ltd., et al, | Case No. 1:14-cv-202 |
| Plaintiffs, | |
| vs. | |
| Dove Transportation, LLC, et al, | |
| Defendants. | |

**ORDER**

Plaintiffs, JM-Nipponkoa Insurance Company and its insured, Makino, Inc., filed this action against Dove Transportation, LLC, and Geneva Logistics, LLC, alleging they were jointly and/or severally liable under the Carmack Amendment, 49 U.S.C. §14706(a)(1). (Doc. 1) Plaintiffs sought to recover damages from Defendants, after a large machine that Dove transported from Virginia to California, pursuant to a bill of lading issued by Makino, was rejected by Makino's customer. Dove filed a motion to dismiss, arguing that this Court lacked personal jurisdiction over Dove. (Doc. 12) Plaintiffs asked for additional time to respond to Dove's motion, contending they needed to conduct discovery to counter Dove's jurisdictional arguments. Dove objected, and this Court held a conference on August 25, 2014 to discuss the dispute. At the conference, counsel agreed to proceed with the deposition of Thomas Canada, Dove's Managing Member, limited to the issue of jurisdiction. Mr. Canada was deposed on September 9.

Geneva Logistics was served with the complaint on May 1, 2014. (Doc. 7), but has not appeared in the action to date. Plaintiffs filed a motion for a default judgment

against Geneva on August 21, 2014.  (Doc. 16)

Plaintiffs filed a first amended complaint on September 26, 2014 (Doc. 18), alleging additional facts regarding personal jurisdiction over Dove.  Plaintiffs also added three new state common law claims against the Defendants.   Dove again moved to dismiss for lack of personal jurisdiction, and alleged that the common law claims should be dismissed under Fed. R. Civ. Proc. 12(b)(6).  (Doc. 19)   Plaintiffs responded to the motion to dismiss (Doc. 22), and alternatively sought a transfer of the case to Alabama, where both Dove and Geneva are located.  Dove opposed the transfer request.  (Doc. 24)  Plaintiffs also sought leave to conduct additional jurisdictional discovery (Doc. 20), which Dove opposed.  (Doc. 21)

The motion to dismiss and to transfer venue were fully briefed when Plaintiffs filed a second amended complaint on December 4 (Doc. 28).  Dove then moved to strike that pleading, arguing that it was improperly filed.  (Doc. 29) All of the motions are fully briefed and ready for decision.

## DISCUSSION

<u>Motion to Strike</u>

The Second Amended Complaint omitted the three state law claims that Plaintiffs first asserted in their First Amended Complaint, leaving only their original claim under the Carmack Amendment.  Dove challenged these state law claims under Rule 12(b)(6) in its motion to dismiss (see Doc. 19 at p. 16).  The jurisdictional allegations against Dove contained in paragraph 8 of the First and Second Amended Complaints are identical.

In its motion to strike the Second Amended Complaint, Dove quite rightly

contends that Rule 15 required Plaintiffs to seek leave of Court to file their Second Amended Complaint, and that Dove is prejudiced because it must file yet another motion to dismiss to reiterate its jurisdictional arguments.  Plaintiffs respond that Dove will not be prejudiced because they are simply dropping their state law claims.

Given the age of this case, and the fact that the Second Amended Complaint is identical to the First Amended Complaint with respect to the jurisdictional allegations and the Carmack claim, the Court will permit the Second Amended Complaint to remain on the docket despite the fact that Plaintiffs did not properly seek leave of Court to file it. Dove's arguments concerning the now-abandoned state law claims that were asserted in the First Amended Complaint are moot, and those claims (Counts 2-4 of the First Amended Complaint) are dismissed with prejudice. Dove need not file another motion to dismiss, and the Court will address Dove's jurisdictional arguments which are fully briefed regarding the First Amended Complaint.

Personal Jurisdiction over Dove

Plaintiffs have the burden of establishing that personal jurisdiction is properly exercised over a defendant.  The Court may rule on a jurisdictional motion to dismiss without an evidentiary hearing.  If so, the Court must consider the pleadings and any affidavits filed in the light most favorable to Plaintiffs.  Plaintiffs need only make a prima facie showing of jurisdiction, which they can do by establishing "with reasonable particularity sufficient contacts between [Dove] and the forum state to support jurisdiction." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).

Pursuant to Fed. R. Civ. Proc. 4(k)(1), in order to exercise personal jurisdiction

over a non-resident defendant, Plaintiffs must show that jurisdiction is proper under applicable state law.  In Ohio, a non-resident may be subject to specific jurisdiction in the state if a basis for jurisdiction contained in Ohio's long-arm statute, Ohio Rev. Code 2307.382, applies.  That statute does not extend to the limits of the due process clause, and so Plaintiffs must also establish that exercising personal jurisdiction would not offend Dove's Due Process rights.  Miller v. AXA Winterthur Ins. Co., 694 F.3d 675, 679-680 (6th Cir. 2012).

Plaintiffs argue that Dove has "continuous, systematic and substantial" contacts with Ohio, and that this Court has personal jurisdiction over Dove under the Carmack Amendment.  Plaintiffs therefore suggest that Dove's arguments about specific jurisdiction under Ohio law are irrelevant.  Plaintiffs cite 49 U.S.C. §14706(d)(1), which states that a civil action "may be brought against a delivering carrier in a district court of the United States or in a State court.  Trial, if the action is brought in a district court of the United States[,] is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates."  Dove concedes it was the "delivering carrier" of the machinery at issue, and Plaintiffs contend that is all they need show for the proper exercise of jurisdiction under the statute.

Plaintiffs' argument conflates the question of proper venue with the question of whether personal jurisdiction is properly exercised over a non-resident defendant.  In Winona Foods, Inc. v. Kennedy, Inc., 2008 U.S. Dist. LEXIS 51578 (E.D. Wisc., June 26, 2008), the district court rejected a similar argument in a case brought by a Wisconsin shipper-plaintiff against an Illinois delivering carrier, after a shipment of plaintiff's cheese was rejected by its customer upon delivery in California.  The shipper

sued the delivering carrier in Wisconsin, arguing that the Carmack Amendment conferred jurisdiction over the non-resident carrier. The district court disagreed, noting that the statute's

> ... venue provisions do not trump the question of personal jurisdiction... . Although the [Carmack] Amendment allows actions to be brought in two potentially different venues, the statute's specific venue provisions are not a substitute for personal jurisdiction - the court must still ensure at the outset that it has the power to compel the defendant to appear in its court, and that is ultimately a question of Due Process.

Id. at *4 and n.1, and citing Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002), where the Sixth Circuit noted that when federal question jurisdiction is asserted, "personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." (internal quotations omitted) See also Tokio Marine & Nichido Fire Ins. Co., Ltd. v. Flash Expedited Services, 2012 U.S. Dist. LEXIS 163399 (D.N.J., Nov. 15, 2012), construing the Carmack statute as a venue provision, not one conferring personal jurisdiction in plaintiff's chosen venue, and transferring the case to Ohio where the cargo loss at issue actually occurred.

The Court therefore rejects Plaintiffs' argument that personal jurisdiction over Dove is established by virtue of the Carmack Amendment's venue provision. Plaintiffs must show that jurisdiction is properly exercised under Ohio's long-arm statute, because Ohio law does not recognize general jurisdiction over a non-resident defendant. Conn v. Zakharov, 667 F.3d 705, 718 (6th Cir. 2012). Dove argues that jurisdiction is lacking under that statute, which states:

   (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code 2307.382(A).

The only subsections that might apply in this case are (1) or (4). (Subsection (2) does not apply because Dove did not contract to supply any services in Ohio, but rather to transport machinery from Virginia to California.) Plaintiffs argue that subsections (1) and (4) apply, because Dove regularly engages in business in Ohio, and Makino was injured in Ohio when it lost its policy deductible. According to Plaintiffs' analysis of information disclosed by Mr. Canada, Dove's drivers travel on Ohio roads approximately

twice a month, and from 2010-2012 averaged 16,216 Ohio miles driven per year.  But Mr. Canada testified that only about 4% of the total miles driven by all Dove drivers in 2011 were through Ohio; by 2013, the Ohio mileage had dropped to about 2% of total miles.  Moreover, total miles driven does not neatly correlate to revenue earned; Mr. Canada testified that miles that are not "loaded miles" (presumably empty trucks traveling to pick up a load) are not necessarily revenue-earning miles.  (Canada Dep. at 92-93)  Plaintiffs cite Dove's contract with an Ohio-based freight broker (TQL), and surmise that Dove "must have" earned substantial revenue in Ohio due to this contract.  But there is no evidence that this has in fact occurred, or that Dove's contacts with TQL have produced substantial Ohio revenue.  Plaintiffs further suggest that Dove is unfairly attempting to minimize or conceal the extent of its Ohio contacts.  They cite the fact that Dove is insured by Great American Insurance Company, an Ohio insurer.  But Mr. Canada testified that he procures insurance through an Alabama broker, not by direct contacts with Great American.  Plaintiffs also cite Exhibit 8 to Mr. Canada's deposition, a description of Dove's trucking and freight services that Plaintiffs' counsel found on another company's website.  But Mr. Canada did not know about this description and was not familiar with the company that posted it.  He agreed that most of the facts about Dove that are reported there are readily obtainable from public sources.  (Canada Dep. at 105-107)  Mr. Canada merged his trucking company with his father's truck brokerage company in 2013, but the brokerage has no Ohio customers.  (Id. at 110-111)

     Dove argues that the evidence in the record conclusively establishes that it does not "transact business" in Ohio under subsection (1) of the statute, and that subsection (4) is therefore also inapplicable.  According to Mr. Canada's affidavit and deposition

testimony, Dove has no employees, bank accounts, real estate, or terminal locations in Ohio.  Dove does not engage in direct marketing of its services, and does not advertise its business in Ohio.  While the phrase "transacting any business" has been interpreted broadly by the Ohio courts, the long-arm statute also requires that the damages at issue must arise from the defendant's contacts with Ohio, that there be a proximate cause relationship between the two.  See Section 2307.382(C); Brunner v. Hampson, 441 F.3d 457, 463 (6th Cir. 2006).  Dove contends there is no causal nexus between the alleged damage to the machinery at issue and Dove's contacts with Ohio.

The Court agrees.  Dove's assorted and attenuated contacts with Ohio are not causally related to the damages that Plaintiffs allegedly sustained.  And those contacts are insufficient to show that Dove "transacts business" in Ohio, or that it regularly engages in a course of conduct in Ohio or derives substantial revenue in this state.

Dove further argues that the assertion of jurisdiction in Ohio would violate Dove's due process rights, and would not comport with traditional notions of fair play and substantial justice.  To satisfy due process concerns, Plaintiffs must establish:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968). The "purposeful availment" prong, which is the "constitutional touchstone" of personal jurisdiction, protects a non-resident defendant from being subjected to personal

jurisdiction based on random or attenuated contacts with the forum or its residents. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1980)(internal citation omitted). The existence of a contract involving an Ohio resident is not enough to show that a non-resident purposefully availed itself of the privilege of acting in Ohio. Calphalon Corp. v. Rowlette, 228 F.3d 718, 722 (6th Cir. 2000).

Plaintiffs' damages did not arise from Dove's actions in Ohio. There is no evidence that Dove had any direct dealings or negotiations with Makino, much less any contacts with Makino in Ohio. The bill of lading attached to Plaintiffs' complaint states that the bill was issued to Trinity Logistics, not to Dove. The machinery was to be shipped from Virginia to California. Trinity did not directly deal with Dove but contacted Geneva, who in turn contacted Dove. Plaintiffs' amended complaint alleged that Dove's driver picked up the cargo in Virginia and drove it to Alabama (Dove's headquarters) and then quit his job, so there is no way to "verify" that the driver did not come through Ohio on that trip. (See Doc. 28, ¶8(f))  But as Dove notes, common sense would dictate that the driver went directly from Virginia to Alabama, which would not involve traveling in or through Ohio. To assume otherwise would be to engage in sheer speculation. Moreover, simple but-for causation (the machinery was damaged while Dove transported it) is not enough to satisfy the due process relatedness requirement. Burger King Corp. v. Rudzewicz, , 471 U.S. 462, 474 (1985).

The third prong of the due process analysis requires a showing that Dove has a substantial connection to Ohio, such that asserting jurisdiction would be reasonable. The "reasonableness" analysis involves three factors: the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief.   Beydoun v.

Wataniya Restaurants Holdings, et al, 768 F.3d 499, 508 (6th Cir. 2014), quoting Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 113 (1987).  Dove has consistently argued that it is extremely burdensome on the company to defend this case in Ohio.  It is a small company with seven trucks, about 12 employees, one dispatch terminal located in Lincoln, Alabama, and is uninsured for this claim.  Plaintiffs undoubtedly have an interest in obtaining relief, but Ohio's interest in this dispute is rather slight.  Most, if not all, of the salient events took place elsewhere.  Makino is headquartered in Ohio but is described on its website as a large machining and engineering company with technical centers located in many states (including Ohio and Alabama).[1]  Nipponkoa (which paid Makino the bulk of its loss and is subrogated to Makino) is organized under Japanese law and its principal place of business is in Japan.  Dove notes that in Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014), the Supreme Court recently reaffirmed the principle that a substantial connection must "arise out of contacts that the 'defendant himself' creates with the forum state."  Dove created no contacts with Ohio: Makino issued a bill of lading to Trinity, and Trinity arranged for the cargo shipment.  The other contacts Plaintiffs cite (Dove's insurer is located in Ohio, or the bill of lading's requirement that a copy be faxed to Makino in Ohio) are the sort of attenuated and fortuitous contacts that are insufficient to satisfy due process concerns and establish personal jurisdiction.

For all of these reasons, the Court concludes that Dove is not subject to personal jurisdiction in this Court in this case.

---

[1] See www.makino.com, last accessed January 7, 2015.

Change of Venue

In responding to Dove's motion to dismiss, Plaintiffs alternatively seek an order transferring venue of this case to the Northern District of Alabama, the district where Dove's terminal and offices are located.  Plaintiffs cite 28 U.S.C. §§1406 and 1631, which permit a court to transfer venue of an action to another district.  Section 1631 particularly states that if the court finds that it lacks jurisdiction over the case, it may transfer the action in the interests of justice.  Plaintiffs argue that they are facing the expiration of a statute of limitations on their claim against Dove, and that dismissing the action rather than transferring it would risk the loss of their claim.

Dove opposes Plaintiffs' motion.  (Doc.  24)  Dove notes that a dismissal for lack of personal jurisdiction is without prejudice, leaving Plaintiffs free to re-file the action in an appropriate jurisdiction if they wish.  Dove concedes that the Court has discretion to transfer the case in the interests of justice, but argues that Plaintiffs have not identified what those interests are and why a transfer to Alabama might serve them.  Dove notes that many fact witnesses are likely not in Alabama, but are elsewhere.  Dove also notes that Trinity is in Minnesota, and it is unclear if Trinity would be subject to jurisdiction in Alabama.  Dove contends that it is Plaintiffs' obligation to select an appropriate forum for its claims, and that this Court should not attempt to select a "more appropriate" court in the absence of a more complete factual record.

Section 1631 authorizes the Court to transfer a case when it concludes that jurisdiction in Plaintiffs' originally chosen forum is lacking.  The statute simply requires that the transferee court be one in which the action "could have been brought at the time it was filed ...".  The Court has little trouble concluding that Plaintiffs could have

-11-

brought this action against Dove and Geneva in the Northern District of Alabama. Myriad cases have concluded that the transfer of a case is proper if personal jurisdiction is found lacking.  See, e.g., Winona Foods v. Kennedy, supra, transferring a Carmack Amendment claim; Donaldson Technology Group LLC v. Landstar Ranger, 347 F.Supp.2d 525 (S.D. Ohio 2004)(same); W. Inv. Total Return Fund v. Bremner, 762 F.Supp.2d 339 (D. Mass. 2011)(transferring venue to Illinois after finding lack of personal jurisdiction over the defendants).  Whether the transferee court might ultimately conclude that a different venue is proper is not before this Court at this time.

The Court therefore grants Plaintiffs' alternative motion to transfer venue of this case to the Northern District of Alabama.

Plaintiffs' Motion for Default Judgment Against Geneva Logistics

As noted above, Plaintiffs moved for entry of a default judgment against Geneva Logistics, who has failed to appear or answer the complaint.  (Doc. 16)  Dove responded, arguing that it would be improper to enter a judgment against Geneva that would operate as a final and conclusive decision with respect to Plaintiffs' alleged damages, which Dove intends to challenge.  (Doc. 17)

A long-standing principle flowing from Frow v. De La Vega, 82 U.S. 552 (1872), is that courts should avoid the risk of inconsistent adjudications that is posed by default judgments when an action charges several defendants with joint liability, and one of those defendants defaults.  Subsequent case law has generally held that if defendants are alleged to be jointly and/or severally liable, a default judgment determining damages should not be entered against a defaulting defendant until the matter has been adjudicated against all defendants.  See, e.g., Hunt v. Inter-Globe Energy, Inc., 770

F.2d 145, 148 (10th Cir. 1985); Hitachi Medical Systems America, Inc. v. Horizon Medical Group, 2008 U.S. Dist. LEXIS 107934, at *8-9 (N.D. Ohio, Jan. 28, 2008). Plaintiffs' complaint alleges that Defendants "jointly and/or severally agreed to transport the load as an interstate carrier ...".  (Doc. 28 at ¶18)

Therefore, to avoid any preclusive effect of a default judgment against Geneva, the Court will deny without prejudice Plaintiffs' motion for a default judgment, which may be renewed at an appropriate time.

## CONCLUSION

Dove's motion to strike the Second Amended Complaint (Doc. 29) is denied for the reasons stated above.  Counts 2, 3 and 4 as alleged in Plaintiffs' First Amended Complaint are dismissed with prejudice.  Dove's motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction over Dove (Doc. 19) is granted.  Plaintiff's motion to conduct additional jurisdictional discovery (Doc. 20) is denied as moot.

Plaintiff's alternative motion to transfer venue of this case to the Northern District of Alabama (Doc. 22) is granted.  Dove's motion for leave to file a sur-reply on the venue issue (Doc. 27) is granted.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: January 12, 2015                              s/Sandra S. Beckwith
                                                     Sandra S. Beckwith, Senior Judge
                                                     United States District Court